583 F.2d 213
 18 Fair Empl.Prac.Cas. 697, 18 Empl. Prac.
Dec. P 8675
Eduardo MOLINA, etc., Plaintiff-Appellant,
League of United Latin American Citizens, an Incorporated
Association, Plaintiff-Appellant,
v.
EL PASO INDEPENDENT SCHOOL DISTRICT OF EL PASO, TEXAS, et
al., Defendants-Appellees.
 No. 77-1695.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 6, 1978.
 
 Ralph E. Harris, El Paso, Tex., for League of U. Latin Amer.
 Albert Armendariz, Sr., El Paso, Tex., for Molina.
 Sam Sparks, Kenneth R. Carr, El Paso, Tex., for defendants-appellees.
 Appeals from the United States District Court for the Western District of Texas.
 Before GEWIN, RONEY and GEE, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 This Title VII employment discrimination suit was originally brought as a class action on behalf of Eduardo Molina, individually, the League of United Latin American Citizens, and all others similarly situated. On June 18, 1976, the district court dismissed the action, without prejudice to a later refiling, for failure to prosecute with due diligence and assessed $626.50 in deposition costs against plaintiffs. Molina's individual suit was subsequently reinstated. A bench trial was held, and the court found no discrimination on the part of defendants. The court ordered the League to pay deposition costs and attorney's fees, despite the fact that the League was no longer a party to the suit. We affirm the district court's finding of no discrimination, and the deposition cost assessed against the League made while the League was still a party to the suit. The attorney's fees award against the League must, however, be reversed. The district court lacked jurisdiction to impose attorney's fees against a party which had previously been unconditionally dismissed from the suit and which was not represented before the court.
 
 The Discrimination Claim
 
 2
 Plaintiff Eduardo Molina, a Mexican-American citizen, was employed by defendant school district as a classroom teacher beginning with the 1961-1962 school year. In April 1970, he was appointed a school counselor. Molina served in that position at two different high schools until August 1973, when he was demoted from counselor to classroom teacher by the school district's Board of Trustees. Molina remains in defendant school district's employment as a classroom teacher.
 
 
 3
 Molina sought relief in the district court, alleging that his demotion was due to his status as a Mexican-American and to his active involvement in Mexican-American affairs. Defendant school district demonstrated that Molina was demoted due to his inability to get along with students, faculty members, and other counselors, and his inability to perform his job in a satisfactory manner.
 
 
 4
 The evidence showed that Molina's original counseling assignment was at Bowie High School. After the 1970-1971 school year, in a district-wide rating of all counselors, Molina was rated unsatisfactory and given the opportunity to transfer to another school. He was assigned to Austin High School. His rating for the 1971-1972 school year was satisfactory, but unsatisfactory after the 1972-1973 school year. This second unsatisfactory rating precipitated his demotion. At the district court trial, both high school principals and three of Molina's counseling supervisors testified to Molina's poor attitude and unsatisfactory job performance.
 
 
 5
 Based on this evidence, the district court concluded that
 
 
 6
 2. The El Paso Independent School District has not discriminated and is not presently discriminating against Eduardo Molina . . . .
 
 
 7
 3. The reassignment of Eduardo Molina to a position as classroom teacher on August 17, 1973, was made on legitimate and nondiscriminatory grounds, i. e., the unsatisfactory performance of Mr. Molina as a counselor to the EPISD (School District).
 
 
 8
 The district court's finding of no discrimination is supported by the record and is not clearly erroneous.
 
 
 9
 Molina complains that the district court incorrectly refused to adopt for this case the findings of fact from another case before the district court involving the same defendant, Alvarado v. El Paso Independent School District, 426 F.Supp. 575 (W.D.Tex.1976). In that case, Judge Sessions found that the school district was "faithfully and diligently" pursuing implementation of an agreement it had reached with the Department of Health, Education and Welfare as to various personnel practices. The district court also found, however, that faculty assignment and advancement in various job classifications was not within an acceptable Singleton[1] tolerance range and was intentionally segregative. Alvarado, supra, 426 F.Supp. at 585-588, 592, 606-607.
 
 
 10
 Even if the district court had adopted the Alvarado findings for use in this case, Molina would not have prevailed. The Alvarado findings could only help plaintiff establish a Prima facie case of discrimination in the school district. Where there is evidence of general discrimination, however, defendant can still prevail where the evidence proves that the employee in question was demoted for nondiscriminatory reasons. Cf. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (if plaintiff establishes a Prima facie case of discrimination, the defendant employer may rebut by a showing of some legitimate, nondiscriminatory reason for rejection of plaintiff); Baxter v. Savannah Sugar Refining Corp., 495 F.2d 437, 444-445 (5th Cir.), Cert. denied, 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974) (where class discrimination is demonstrated, an individual must nevertheless possess characteristics and qualifications needed for the job, the Prima facie case being rebuttable by clear and convincing evidence that the individual did not possess qualifications); Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (if plaintiff shows he was fired in substantial part because of protected First Amendment activity, the defendant employer can still prevail if it shows by a preponderance of the evidence that it would have reached the same decision even without the protected activity). In the present case, regardless of any discrimination in the school system at large, the evidence demonstrates that Molina was demoted because of his unsatisfactory performance as a school counselor, that is, for a legitimate nondiscriminatory reason, incompetence. Molina, therefore, was not prejudiced by the district court's refusal to adopt its Alvarado findings, so
 
 
 11
 the refusal need not be evaluated. Costs and Attorney's Fees
 
 
 12
 Against The League: The Procedural Imbroglio
 
 
 13
 This suit was originally brought as a class action for all similarly situated Mexican-Americans. In October 1975, defendant sent interrogatories to both Molina and the League, which were never answered. Defendant took the depositions of various League officials, who, however, refused to answer certain questions. Defendant moved to require plaintiffs to comply with its discovery requests, and after a hearing, the court so ordered. On May 12, the court again ordered compliance. While some of the information sought was supplied, much of it was never supplied by the League.
 
 
 14
 Accordingly, on June 18, 1976, the court dismissed the cause for failure to diligently prosecute, without prejudice to refile. The court ordered Molina and the League to pay as costs the $626.50 reporter's expense for the taking of the depositions.
 
 
 15
 With the court's permission, Molina refiled his suit as an individual action. While the docket number remained the same, the style of the case clearly showed the individual nature of Molina's suit. The League never sought permission to refile.
 
 
 16
 After a trial on plaintiff Molina's individual claims, the district court entered findings of fact and conclusions of law on February 17, 1977. Along with the finding of no discrimination against Molina, the court assessed costs against the League, even though the court recognized that the League's suit had never been reinstated.[2] Finding the League's conduct in ignoring discovery orders was "vexatious to a point of obstruction," the court "reaffirmed" and modified its earlier award of $626.50 in deposition costs, so that they would be paid solely by the League and not as originally, jointly by the League and Molina. The court also awarded defendant attorney's fees of $1,712.50 against the League.
 
 
 17
 The League appeals from the February 17, 1977 order, rightly contending that it was no longer a party to the suit at that time. The League was unconditionally dismissed from this suit on June 18, 1976. It never requested reinstatement and was not a party to the suit at the time of the February 17, 1977 order. The court's imposition of attorney's fees against the League must therefore be reversed.
 
 
 18
 The $626.50 in deposition costs imposed on the League, however, stands on a different footing. The district court was within its discretion on June 18, 1976, in charging deposition costs against the League for its failure to comply with the court's discovery orders. Fed.R.Civ.P. 37(a). The court imposed the deposition costs on the League while the League was still a party to the suit, I. e., by its June 18, 1976 dismissal order. The subsequent February 17 order when the League was no longer a party does not affect the prior June 18 order so far as the League is concerned. All it does is relieve Molina of responsibility for the deposition costs. We may therefore affirm the court's June 18 order charging $626.50 in deposition costs to the League. The February 17 order of costs and attorney's fees against the League is reversed.
 
 
 19
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 [1]
 Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211, 1217-1218 (5th Cir. 1970)
 
 
 [2]
 The district court's findings of fact, made after the trial on Molina's claim, recognize that posture of the case:
 
 
 [44]
 Plaintiff LULAC (the League) has by this date made no Motion for Reinstatement of its cause of action nor has it lodged any objection to the dismissal thereof
 
 
 [45]
 On July 8, 1976, this Court entered an Order reinstating the individual claim of the plaintiff Eduardo Molina