**AMERICAN HANGAR, INC.**

v.

**BASIC LINE, INC.**

Civ. A. No. 84–1555–G.

United States District Court,
D. Massachusetts.

March 25, 1985.

Stanley M. Schurgin, Paul J. Hayes, Weingarten, Schurgin, Gagnebin & Hayes, Boston, Mass., for plaintiff.

Cesari & McKenna, Boston, Mass., for defendant.

## SECOND ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY PURSUANT TO FED.R.CIV.P. 37 (#22)

ROBERT B. COLLINGS, United States Magistrate.

On February 25, 1985, I allowed Plaintiff's Motion To Compel Discovery Pursuant To Fed.R.Civ.P. 37 (# 22) to the extent that I issued an Order, pursuant to Rule 37(a)(2), F.R.Civ.P., requiring the defendant's witnesses whom the plaintiff was deposing to answer the questions put to them at their depositions which they had refused to answer on instructions from defendant's counsel. I deferred for later hearing that portion of plaintiff's motion in which the plaintiff moved that "... this Court ... order an award of costs and reasonable attorney's fees to American Hangar for expenses it incurred in attending the depositions and in filing this motion."

Rule 37(a)(4), F.R.Civ.P., provides

(4) *Award of Expenses of Motion.* If the motion [to compel] is granted, the court shall, after opportunity for hearing, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified

or that other circumstances make an award of expenses unjust.

In the instant case, there is no question but that the Court has the power to make an award to compensate the plaintiff for its expenses "incurred in obtaining the order" compelling discovery which was entered on February 25th. The plain language of the Rule permits such an award. However, the plaintiff seeks an award which includes the costs of the deposition at which the witnesses refused to answer questions. Consequently, the first question which the Court must address is whether such costs are recoverable under Rule 37(a)(2), F.R. Civ.P.

 There is no question but that the instructions not to answer were improper. Rule 30(c), F.R.Civ.P., provides, in pertinent part:

Evidence objected to *shall be taken* subject to objection.

This rule means that, as a general rule, instructions not to answer are improper. The only exceptions are those canvassed in the recent case of *International Union of Electrical, Radio and Machine Workers, AFL–CIO, et al. v. Westinghouse Electric Corporation*, 91 F.R.D. 277 (D.D.C., 1981) and deal with questions which seek information in the form of trade secrets and privileged information. Even in the case of questions of this type, it is the duty of the attorney instructing the witness not to answer to immediately seek a protective order. *Id.* at 280, footnote 4. In the instant case, none of the questions which the witnesses were instructed not to answer sought disclosure of trade secrets or privileged information.

When no such protective order is sought, the party seeking answers to the question may file a motion pursuant to Rule 37(a)(2), F.R.Civ.P., seeking a court order that the party answer the questions which were the subject of the instruction not to answer. If the party persists in refusing to answer in violation of the order, then the party is subject to the sanctions listed in Rule 37(b)(2), F.R.Civ.P. Included therein is a sanction which permits an award of reasonable expenses, including attorney's fees, "caused by the failure" to obey the order.

 There is no question but that a party who disobeys an order pursuant to Rule 37(a)(2), F.R.Civ.P., to answer questions at a deposition can be ordered to pay the costs of the deposition since these costs which were incurred would have been "caused" by the "failure" of the party to obey the Court order. However, upon a review of pertinent authority, I do not believe that Rule 37(a)(4), F.R.Civ.P., grants the Court the power to award the costs of the deposition at which a party refuses to answer questions if there has not been a previous order compelling answers to the questions pursuant to Rule 37(a), F.R.Civ.P. In other words, when faced with a refusal to answer questions at a deposition, the examining party may seek an order compelling answers pursuant to Rule 37(a), F.R.Civ.P. In this connection, any award of expenses to the examining party is limited to the expenses incurred "in obtaining the order." There is no power to include in such award the costs associated with taking the deposition at which the refusal to answer occurred. It is only after an order compelling answers is entered pursuant to Rule 37(a), F.R.Civ.P., and after a party has persisted in a refusal to answer can a party obtain expenses in connection with the deposition and then, only in connection with the deposition at which the refusal to answer was in violation of the Rule 37(a) order.

I find support for these conclusions not only in the words of the two sections of Rule 37, F.R.Civ.P., but also in the analysis of cases construing the rule. Thus, in *Liew v. Breen*, 640 F.2d 1046, 1051 (9 Cir., 1981), the Court wrote:

Rule 37(b)(2) provides for an award of reasonable expenses and attorney's fees "caused by the failure to obey a court order to provide or permit discovery". This provision must be distinguished from Rule 37(a), which provides for the award of expenses resulting from efforts to secure an order compelling discovery.

The same distinction is made in 4A Moore's *Federal Practice*, ¶ 37.03[2–7], pp. 37–90.

I note that the result in the case of *Hulvat v. Royal Indemnity Co.*, 277 F.Supp. 769, 771 (E.D.Wis., 1967) is to the contrary. However, in that case, it does not appear that the party who refused to answer questions at the deposition challenged the power of the Court to grant expenses, pursuant to Rule 37(a), F.R. Civ.P., for attendance at the deposition, even though no Court order compelling discovery had been entered. Consequently, the Court did not address the issue.

■ I suppose an argument can be made that expenses for the aborted deposition are "incurred in obtaining the order" in the sense that there could be no basis for such an order unless there had been a deposition at which a party refused to answer questions. However, I do not believe that the authors of the Rule intended that the words "in obtaining the order" be so interpreted. Rule 37 is written to provide a two-step procedure with the award of expenses at the first step limited to the expenses "incurred in obtaining the order." Then, at the second step, the party has the option of obeying the order and preventing any further award of expenses. However, if the order is disobeyed, the award of expenses can be much broader, including within it any expenses "caused by the failure" which surely could include the expenses incurred in connection with the deposition at which the party refused to obey the Court order.

■ Accordingly, I rule that any award of expenses to the plaintiff in the instant case is limited to expenses incurred in obtaining the order pursuant to Rule 37(a)(2), F.R.Civ.P., entered February 25, 1985.

The Court next must consider whether the defendant's opposition to the motion was "substantially justified" or that "other circumstances make an award of expenses unjust." Rule 37(a)(4), F.R.Civ.P.

■ It is to be noted that under Rule 37(a)(4), F.R.Civ.P., the award of expenses, including attorney's fees, is mandatory unless the Court is able to make either of the two findings noted, i.e. either (1) that the opposition to the motion was substantially justified, or (2) that other circumstances make an award of expenses unjust.

The Advisory Committee Note of 1970 to Amended Rule 37 contains the following language explaining the "substantial justification" test:

On many occasions, to be sure, the dispute over discovery between parties is genuine, though ultimately resolved one way or the other by the court. In such cases the losing party is substantially justified in carrying the matter to court. But the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine issue exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery.

*Id.* reprinted in 4A Moore's *Federal Practice*, ¶ 37.01[8], pp. 37–23.

Professor Moore, commenting on this paragraph, has written:

Whether the opposition to the motion is "substantially justified" will, of course, depend on the circumstances of the particular case; but many courts have denied expenses where there was disagreement over difficult legal issues of relevance or privilege.

4A Moore's *Federal Practice*, ¶ 37.02[10], pp. 37–49.

The authors of another treatise have explained it in a somewhat different manner, writing that: "The great operative principle of Rule 37(a)(4) is that the loser pays." Wright & Miller, *Federal Practice and Procedure: Civil* § 2288, p. 787. "Thus, the rule is mandatory unless one of the two conditions for not making an award is found to exist but these conditions are broad enough that the court retains some discretion in the matter." *Id.* at 787. "... [O]pposing a motion is 'substantially justified' if the motion raised an issue about

which reasonable men could genuinely differ on whether a party was bound to comply with a discovery rule." *Id.* at 790. "The mere fact that the party was acting in good faith is not substantial justification if there was no fairly litigable issue." *Ibid.*

In claiming that its opposition was "substantially justified", counsel for the defendant argues that his reasons for instructing his witnesses not to answer were meritorious. In my opinion, any inquiry into whether or not the reasons behind the instructions not to answer had merit for the purpose of deciding whether or not an opposition to a subsequently filed motion to compel was "substantially justified" would, in effect, condone the procedure of giving such instructions when, as a matter of law, they are improper, except in the very limited areas of privileged matter and trade secrets, neither of which are involved in the instant case. In other words, if a Court allows a motion to compel answers to questions which had been the object of instructions not to answer and then denies an award of expenses in obtaining the order compelling answers on the ground that the underlying reasons for the instructions not to answer had merit, there would, in effect, be no sanction for instructions not to answer and no incentive for counsel to adhere to Rule 30(c), F.R.Civ.P.

██ Accordingly, I rule that counsel for the defendant acted improperly in instructing his witnesses not to answer questions at the deposition and that his opposition to the motion to compel answers to those questions was not "substantially justified" because the instructions were improper regardless of the merits of the reasons for the instructions. Nor do I find any circumstances making an award of expenses unjust. During the deposition, counsel for the defendant could have moved for a protective order or moved for an order pursuant to Rule 30(d), F.R.Civ.P., which provides, in pertinent part:

At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in the district in which the action is pending or being taken may order the officer taking the deposition to cease forthwith from taking the deposition, or may limit the scope and manner of taking the deposition as provided in Rule 26(c).

If he had exercised either of these options, he would have been acting as provided in the Rules. But instructing the witnesses not to answer is not a proper choice of remedy under the Rules, except when questions call for disclosure of trade secrets or privileged information.

With respect to the amount of the award, plaintiff seeks $1967.50 for reasonable expenses, including attorney's fees, in obtaining the order and $1,635.00 for costs of the deposition and attorney's fees in attending the deposition. As indicated *supra,* the $1,635.00 for the costs of the deposition and attorney's fees in attending the deposition are not recoverable pursuant to Rule 37(a)(4), F.R.Civ.P. As for the $1967.50, the plaintiff claims nine hours attorney time for preparing the motion and memorandum, 2.5 hours for preparing for and attending oral argument, and 2 hours for preparing his affidavit and memorandum in support of motion for sanctions. Plaintiff seeks to apply a rate of $105 per hour for a total of $1,417.50. In addition, the plaintiff seeks copying costs in the amount of $100 and "support staff fees for the Motion To Compel" in the amount of $450.00.

██ There is no specification as to what the nature of the "support staff fees" in the amount of $450 are; in fact, the Court has no idea of what the basis for these charges are, except that plaintiff's counsel, at oral argument, indicated that they were not secretarial services. Accordingly, I shall not include compensation for these services, whatever they be, in the award.

The plaintiff filed a motion to compel consisting of one page and a memorandum in support consisting of five full pages and two lines on a sixth page. The memorandum in support of sanctions was two and ¼

pages in length. The Affidavit in support was two pages long.

 In my opinion, a reasonable time for an attorney to spend on preparing these four documents is four hours. Thus, I shall award the plaintiff $420 for attorney time spent on preparing these documents. I shall award the plaintiff $105 for one hour for preparing for and attending the hearing on February 25th, and I shall award $100 for the costs of copying the documents attached to the motion to compel, for a total of $625.00.

Accordingly, it is ORDERED that the Plaintiff's Motion To Compel Discovery Pursuant To Fed.R.Civ.P. 37 (# 22) be, and the same hereby is, ALLOWED to the extent that defendant's counsel is ORDERED, pursuant to Rule 37(a)(4), F.R. Civ.P., to pay to the plaintiff the sum of six hundred twenty-five dollars ($625.00) as reasonable expenses, including attorney's fees, in obtaining the order compelling discovery issued February 25, 1985, said payment to be made *on or before the close of business on Friday, April 26, 1985.*