Apolonios ALVAREZ, et al., Plaintiffs,

v.

James A. WALLACE, et al.,
Defendants.

No. SA–84–CA–2708.

United States District Court,
W.D. Texas,
San Antonio Division.

Aug. 30, 1985.

Thomas A. Clarke and Richard Wagner, San Antonio, Tex., for plaintiffs.

Roy C. Brock and Richard H. Fox, San Antonio, Tex., for Terry Wallace and James Wallace.

Moulton S. Dowler, Jr., San Antonio, Tex., for Hugo Real.

## MEMORANDUM OPINION AND ORDER

SESSIONS, Chief Judge.

ON THIS DATE came on to be considered the motion of the Plaintiffs, Apolonios Alvarez, et al., for an award of attorney's fees in accordance with Rule 37(a)(4) of the Federal Rules of Civil Procedure against Defendants James A. Wallace, Terry Wallace and Hugo Real pursuant to this Court's grant of Plaintiffs' motion to compel production.

Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that:

*Award of Expenses of Motion.* If the motion is granted, the Court *shall*, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that

other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4) (emphasis supplied). Subsection (a)(4) of Rule 37 was amended in 1970 to further the policy of the Federal Rules of Civil Procedure that discovery should proceed between the parties to an action with a bare minimum of judicial involvement. As Professor Wright noted:

A major purpose of the 1970 revision of the discovery rules was to encourage extrajudicial discovery with a minimum of court intervention. One means of accomplishing that was to tighten the judicial sanctions with respect to unjustified insistence upon or objection to discovery. This led the draftsman to place 'new emphasis on the availability and compulsory nature of an award of expenses.'

8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2288 (1970 & Supp.1985). With respect to the discovery process, "[c]ooperation among counsel is not only helpful, but required, and the court has a duty to insure that cooperation is forthcoming." *Ohio v. Crofters, Inc.,* 75 F.R.D. 12, 21 (D.Colo.1977), *aff'd,* 570 F.2d 1370 (10th Cir.1978), *cert. denied sub nom, Arthur Andersen & Co. v. Ohio,* 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978).

Within this statutory framework, the Court is called upon to determine whether Plaintiffs should be awarded attorney's fees pursuant to this Court's July 25, 1985 Order granting Plaintiffs' motion to compel production. In that Order, the Court directed Defendants to show cause within ten days why Plaintiffs' claim should not be granted, and further directed Plaintiffs' attorneys to submit an application in connection with their claim for reasonable attorneys' fees. The Defendants' answers, Plaintiffs' counsel's affidavit, and the Plaintiffs' reply to Defendants' responses are now before the Court for consideration.

Plaintiff moved to compel production of a very limited number of Defendants' business records from 1984, including tax returns and bank statements. Unable to obtain such discovery from Defendants, Plaintiffs' counsel was forced to turn to

this Court for assistance. Plaintiffs' motion to compel production plainly set forth that such documents were critical in determining whether a partnership or joint enterprise existed with respect to liability, and to determine whether the driver of the truck that injured Plaintiffs was employed by the Defendants. In Plaintiffs' reply to Defendants' responses, Plaintiffs attached copies of financial records that appear to support their allegation of joint enterprise or partnership. *Plaintiffs' Reply to Defendants' Responses* at 4–7. As the Court stated in its Order granting the motion to compel, "the Court believes that the business records information sought is clearly relevant to contested issues in this case...." *Court's Order Granting Plaintiffs' Motion to Compel* at 4.

■ Defendants argue that attorney's fees should not be awarded as their position opposing discovery was substantially justified. Defendants quote Professor Wright who states: "Making a motion or proving a motion is 'substantially justified' if the motion raised an issue about which reasonable men could genuinely differ on whether a party was bound to comply with the discovery rule." *Defendant's Brief in Support of Denial of Attorney's Fees* at 1, *quoting with approval*, 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2288 (1970) (The Court cites to Defendant James and Terry Wallace's response; Defendant Real's response is a substantially verbatim copy with the exception of name changes, and accordingly, the Court's citations hereinafter shall be deemed to be to both the Wallace and Real responses). Defendants rely on the following four factors to support their argument that their opposition to the discovery was "substantially justified":

1) Plaintiffs had previous knowledge of no existence [sic] of a joint enterprise or partnership and such documents being compelled would serve no useful purpose in the case at bar. Therefore, the documents being compelled were not relevant to the issues before the court.

2) The type of information being compelled is usually presented in aid of a judgment to discover assets.

3) Such information is not relevant to narrow or clarify the basic issues between the parties, or for ascertaining the facts, or information as to the existence or whereabout of facts relative to the issues between the parties.

4) Defendants' attorney opposed said motion to compel in good faith and not due to any unreasonable, recalcitrant, deliberate, or captious conduct or attitude, and not without substantial justification.

*Defendants' Brief in Support of Denial of Attorneys' Fees* at 2–3.

■ The Court will address each of Defendants' arguments that they had "substantial justification" for refusing to allow Plaintiffs' request for discovery. Defendants' first argument seems somewhat contradictory on the surface, and the Court is unsure whether there is a typographical error. If Defendants argue that Plaintiffs knew that there was no joint enterprise, the Court rejects such a contention as Plaintiffs have consistently argued that a joint enterprise existed, and the documents that they sought appear to be some evidence that such arguments are meritorious. If, on the other hand, the Defendants are arguing that Plaintiffs had previous knowledge of the existence of a joint enterprise, the Court still believes that Plaintiff would be entitled to such discovery in order to *prove* its allegation, as there was no stipulation by Defendants of joint enterprise or partnership. In either case, the Court does not agree with Defendants that such discovery was not relevant, as this Court granted an Order to compel because it believed that such discoverable information was relevant in that it would be valuable in helping to establish liability against the Defendants. The Defendants seem to argue that if they swear at deposition that a fact does not exist, then Plaintiff is foreclosed from seeking documentary verification. The Court takes exception to any such contention as it contradicts the basic tenets of the discovery process, and accord-

ingly, the Court rejects Defendants' first argument.

■ Defendants' second argument for "substantial justification" is that this type of information is usually presented in aid of a judgment to discover assets. The fact that certain information is also useful in executing a judgment does not render that information unsusceptible to discovery prior to judgment if it also tends to prove Plaintiffs' case in chief. Plaintiff did not seek financial information to execute a judgment, but rather to help establish a link between an apparently negligent driver and that driver's purported employers, as well as a link between those employers that would tend to establish joint enterprise. Defendants' second argument fails to address the key issue of the genuineness of the prejudgment dispute. The Court thus rejects the Defendants' second argument that they were "substantially justified" in refusing discovery.

Defendants' third argument is that the information sought is not relevant to narrow or clarify basic issues. Plaintiffs' alleged joint enterprise liability, and Defendants denied such liability. Furthermore, Defendants denied that the driver of the truck was in their employ. It is clear to the Court that financial information such as tax returns and bank records are very likely to prove the existence of partnership or joint enterprise status, as well as the existent of an employment relationship with the allegedly negligent driver. Such information clearly would narrow or clarify the basic issues between the parties. The Court rejects Defendants' third argument for "substantial justification."

■ Finally, Defendants' attorneys state that they opposed the motion to compel production "in good faith and not due to any unreasonable, recalcitrant, deliberate, or captious conduct or attitude...." *Defendants' Brief in Support of Denial of Attorney's Fees* at 2–3. The Court does not doubt Defendants' counsel's good faith. The Court always relies upon counsel to conduct themselves in a professional and courteous manner, and to exercise good faith in all their dealings with counsel and the Court. The Court believes that Defendants' focus on the "good faith" versus "bad faith" distinction is misplaced. While Section 1927 of Title 28, United States Code, requires the Court to inquire into an attorney's bad faith with respect to proceedings before the Court, and allows an award of fees where such bad faith "unreasonably and vexatiously" multiplies the proceedings, *see, e.g., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), Rule 37(a)(4) only requires the Court to determine whether the attorney's position was "substantially justified"—an objective test that does not require bad faith. Accordingly, the Court must reject the Defendants' final argument for "substantial justification."

■ Defendant Real also argues that "[i]t is submitted that this objection [to the discovery] was neither unjustified nor an abuse of discovery procedures since the subsequent Order to Compel was the first and only such order." *Response of Defendant Hugo Real* at 6. While the Court agrees with Defendant that repeated opposition to discovery where no genuine dispute exists is more serious than a single incident, the Court must reject any contention that each party to a lawsuit is allowed "one free bite" before an Order compelling production will issue. Rule 37(a)(4) provides that *whenever* a motion to compel discovery is granted, "the court *shall* ... require the party ... whose conduct necessitate the motion ... to pay to the moving party the reasonable expenses incurred...." Fed.R.Civ.P. 37(a)(4) (emphasis supplied). There is no requirement that there be two or more Orders to compel; rather, the statute contemplates that fees be awarded whenever opposition is not "substantially justified," even in the first instance. It appears to the Court that Defendant Real seeks to engraft a judicial gloss on the statute that would require a finding of repeated and vexatious conduct preceding an award under Rule 37(a)(4). Were this type of conduct present, however, the Court would not need to resort to

Rule 37(a)(4), as it would have the discretion to award expenses under the bad faith conduct statute, 28 U.S.C.A. § 1927 (West Supp.1985).

■ The Court is always reluctant to impose attorney's fees, or any other form of sanctions, especially against a party whose counsel advocated a position in good faith. The Court has reserved such sanctions for those rare cases where the conduct of the parties and attorneys fell far short of what the Court normally expects. *See e.g., Molina v. El Paso Independent School District*, 583 F.2d 213, 216 (5th Cir.1978). Furthermore, the Court is aware that the reported decisions involving the award of attorney's fees under Rule 37(a)(4) usually involve conduct far worse than that now before the Court. *See e.g., SCM Societa Commerciale S.P.A. v. Industrial and Commercial Research Corporation*, 72 F.R.D. 110 (N.D.Tex.1976); *see also* 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice*, 37.02[10]; 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2288 (1970 & Supp.1985) (cases listed at note 40).

This Court, however, shares with many federal courts the problem of a heavily burdened docket; the Court has more than 250 pending cases, many of which have been pending several years and thus require the Court's attention for trial and dispositive matters such as motions to dismiss and motions for summary judgment. When the Court is forced to mediate a discovery dispute, scarce judicial resources must be shifted away from these pressing matters. The Court does not begrudge any time spent in the resolution of genuinely disputed issues, but the Court believes that if there is no "substantial justification" for a party's position, then there is no genuine dispute and time spent resolving such disputes is wasted.

The Court is well aware that recent amendments to the federal rules were designed to streamline the discovery and litigation process and to assure that scarce judicial resources are spent on genuine disputes. *See e.g., Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253–54 (2d Cir.1985) ("In light of the express intent of the drafters of new Rule 11, and the clear policy concerns underlying its amendment, we hold that a showing of subjective bad faith is no longer required to trigger the sanctions imposed by the rule."). The Court believes that these recent changes and their underlying policies are based in part upon a growing awareness by the federal courts of the economic realities of litigation and the allocation of scarce legal resources. *See e.g., Marrese v. American Academy of Orthopaedic Surgeons*, 706 F.2d 1488 (7th Cir.1983); *rev'd on other grounds,* —— U.S. ——, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); R. Posner, *Economic Analysis of Law*, 397–487 (2d ed. 1977). In light of these changes, the Court has re-examined the policies underlying Rule 37(a)(4), and is of the opinion that any judicial gloss on the statute that suggests that a showing of bad faith or other vexacious conduct is required before a court awards expenses is in error.

■ The Court does not wish to chill any counsel's good faith zealous representation of their client's interest. *See Model Code of Professional Responsibility* Canon 7 (1979). The Court would be remiss in its duty, however, if it did not enforce the provisions of Rule 37(a)(4) which provide for an award of costs against the party where there is no genuine dispute and their position was not substantially justified. The Court is unable to state a bright-line test for "substantial justification," yet the foregoing analysis shows that some justification will not suffice, as competent counsel can always offer some justification. Rather, the Court's focus must be on the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery, then such a justification is "substantial." The

Court has reviewed the Defendants' arguments against an award of attorney's fees, and after due consideration, the Court is of the opinion that their opposition to Plaintiffs' discovery request was not substantially justified and that no genuine dispute existed. Accordingly, the Court will award attorney's fees against Defendants James A. Wallace, Terry Wallace and Hugo Real. As Judge Posner stated: "[I]f a party is willing to pay the price" he may bring such a dispute before this Court. *Cf. Marrese v. American Academy of Orthopaedic Surgeons, supra* at 1493.

■ One final matter remains for the Court's consideration. Plaintiffs' affidavit in support of attorney's fees states that Plaintiffs' counsel spent a total of four (4) hours in connection with their motion to compel production. Although the Court does not doubt Plaintiffs' attorneys spent such time, the Court believes that two (2) hours should have been sufficient to prepare the motion to compel production. The Court will accordingly award $250.00 as reasonable attorney's fees. The Court will further order that each Defendant shall only be responsible for his proportionate one-third share of this expense. Therefore,

IT IS HEREBY ORDERED that Plaintiffs' motion to award attorney's fees pursuant to Rule 37(a)(4) be and is hereby GRANTED.

IT IS FURTHER ORDERED that a reasonable attorney's fee in the amount of $250.00 be paid by Defendants James A. Wallace, Terry Wallace, and Hugo Real.

IT IS FURTHER ORDERED that each Defendant be responsible for a one-third share of the $250.00 attorney's fee award, in the amount of $83.33 per Defendant.

IT IS FURTHER ORDERED that Defendants shall pay any amount due to Plaintiffs' counsel, Thomas A. Clarke, within thirty (30) days of the entry of this Order.