## CIRCUIT COURT OF THE CITY OF RICHMOND

Aetna Casualty and Surety Co.

v.

Corroon & Black of Ohio, Inc., et al.

Case No. N-4655-1

By JUDGE MELVIN R. HUGHES, JR.

October 29, 1987

After the hearing on October 24, 1987, on plaintiff's motion for sanctions and defendants' motions for sanctions, I advised [counsel] of the position I would take on these motions pending review of the transcript of the deposition of Mr. Stammler generally and, a review of those parts of the transcript cited in plaintiff's memorandum in support of its motion and in defendant Corroon & Black's memorandum in response, specifically. Having concluded that defendant Corroon & Black's position was well taken, I mentioned the Court would consider plaintiff's motion as a motion to compel pursuant to Rule 4:12(a)(4), and denying same pursuant to that rule, the Court would enter a protective order requiring the payment of all parties; expenses and attorneys' fees by Corroon & Black for a continued deposition of Stammler.

Since the hearing and after review of the transcript, I have changed my position on the result to be reached on the motions filed. It is my considered opinion now

that, while still deeming the motions for sanctions as motions to compel under the cited rule, a protective order on the terms and conditions I mentioned may not be appropriate. Instead, I have decided to deny the motions in part and grant them in part and to consider whether Corroon & Black should bear the reasonable expenses including attorneys' fees for obtaining an order compelling discovery, pursuant to Rule 4:12(a)(4).

Again, the sanctions sought by Aetna and other movants, listed under Rule 4:12(b) of the Rules of the Virginia Supreme Court, are unavailable at this time, as Corroon & Black notes in its brief. I do find, however, that Aetna's complaints have merit and warrant some relief. I shall address each of the apparent problem areas in turn.

Aetna complains of counsel for Corroon & Black's instructing its corporate designee, Stammler, not to answer some questions. Such instructions are proper in order to protect privileged information or trade secrets; otherwise the proper course of action is to state one's objection for the record and allow the question to be answered. *See, e.g., Eggleston v. Chicago Journeymen Plumbers Local Union No. 130, U. A.*, 657 F.2d 890 (7th Cir. 1981); *Ralston Purina Co. v. McFarland*, 550 F.2d 967 (4th Cir. 1977); *American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173 (D. Mass. 1985). To the extent that objections are not based on the protection of privileged information or trade secrets, including objections to categories of questions, counsel should refrain from further instructing witnesses not to answer. The Court agrees, however, with counsel for Corroon & Black that questions that are contentious as to form (as at transcript page 584) should not be propounded.

A second complaint of Aetna's concerns the propriety of Corroon & Black's designation of Mr. Stammler, as its representative for purposes of Rule 4:5(b)(6). Since the Rule essentially mirrors Rule 30(b)(6) of the Federal Rules of Civil Procedure, authority surrounding the federal rule is instructive. Official Comment to this rule states that:

[t]his procedure supplements the existing practice whereby the examining party designates the

corporate official to be deposed. Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them.

Since the Comment also notes that the rule is meant to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it," and the rule requires the designated person(s) to testify as to "matters known or reasonably available to the corporation," it appears that the designating party has a duty to select well-qualified representatives. While Mr. Stammler's knowledge was far from complete, the Court finds that Corroon & Black did not abuse discovery process in designating Stammler as its witness. As for the questions Mr. Stammler was unable to answer, Aetna may seek answers through depositions of other Corroon & Black officers, requests for documents, and interrogatories. It is Corroon & Black's duty to identify the employees with the relevant knowledge. *See, e.g., Lapenna v. Upjohn Co.,* 110 F.R.D. 15 (E.D. Pa. 1986).

Aetna also complains that counsel for Corroon & Black consulted with Stammler while a question was pending on examination on numerous occasions. The Court finds such conduct improper and indeed impermissibly taints the witness' answers. Rule 4:5(c) provides that examination of witnesses may proceed as permitted at trial, the plain inference being that advising the witness on answers is not permitted. Therefore, counsel for Corroon & Black shall hereafter refrain from consulting with her witnesses after questions are posed to them on examination. The same prohibition goes for the "speaking objection" of counsel for Corroon & Black, in which the objections suggest the correct response to witnesses.

The Court notes, as plaintiff suggests, that nearly one-third of the deposition transcript involves colloquy between counsel for plaintiff and counsel for Corroon & Black. While much of the argument appears to have been engendered by Ms. Martin's procedural errors, Mr. Sanderlin is not blameless in the matter and appears to have contributed to the atmosphere by protracting argument with Ms.

Martin longer than necessary after establishing his position. The Court admonishes all counsel to behave with courtesy and dignity in these proceedings.

Therefore, the Court grants the motions to compel in part. Each movant shall submit evidence of its reasonable expenses and attorney fees on or by November 15, 1987, three days before the time reserved for a hearing on a motion to amend Cross Bills. At that time a hearing on whether these items will be allowed in connection with bringing on the motions will be held as well.

An order I have entered carrying this out is enclosed.

### Order Compelling Discovery

On the 24th day of October, 1987, came the plaintiff Aetna Casualty and Surety Company on its motion to enter default judgment against defendant Corroon & Black of Ohio, Inc., to dismiss Corroon & Black's cross-bill against Aetna, and/or for sanctions, and came defendant First Union National Bank on its motion for sanctions against Corroon & Black, and came defendants G & G Development Company, Jeffrey Glekel and Newton Glekel on their motion for sanctions against Corroon & Black, and came defendants G & G Development Company and Kenneth W. Germain on their motion for default judgment and/or for sanctions against Corroon & Black, and came defendant Corroon & Black, by counsel, on its opposition to the motions, and was argued by counsel.

Upon Consideration Whereof, insofar as all movants each seek sanctions by their motions, each and the same are hereby Ordered, Denied.

Upon Further Consideration Whereof, the Court, construing each party's motion for sanctions as motions to compel discovery, finds for the movants in part and hereby orders that Corroon & Black is hereby compelled to give answers and to provide all other parties with further opportunity to depose its witness or witnesses designated pursuant to Rule 4:5(b)(6) of the Virginia Supreme Court Rules according to a schedule to be agreed upon by counsel, to those questions wherein during depositions of Bradley Stammler, counsel for Corroon & Black improperly instructed Stammler not to answer, conferred with Stammler while questions were pending on examination, and gave speaking

objections upon questions asked of Stammler by counsel for reasons stated in the Court's letter to counsel dated October 29, 1987.

Upon Further Consideration Whereof, it is ordered that all counsel desist and refrain from asking questions that are contentious in form and that all counsel desist and refrain from extended objections after same are noted for the record for reasons stated in the Court's letter to counsel dated October 29, 1987.

Upon Further Consideration Whereof, it is ordered that the movants submit evidence of their reasonable expenses and attorney fees in connection with their motions on or by November 15, 1987, for a hearing to occur on November 18, 1987, on whether and to what extent these items will be allowed pursuant to Rule 4:12.

The exceptions and objections of the parties to the action of the Court, in connection with the motions are noted.

## November 19, 1987

With the argument given on November 18, 1987, in mind, the Court has read again each movant's submission on the question of expenses and attorney fees in connection with the motions which led to the Court's order of October 29, 1987, compelling discovery.

Rule 4:12(a)(4) allows for such award "unless the Court finds the opposition of the motion was substantially justified or. . . other circumstances made an award unjust." The rule further provides in the event the motion is granted in part and denied in part, the Court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

While I am somewhat in agreement with Mr. Thompson's argument that Corroon & Black's opposition to the motions was substantially justified in that the sanctions called for were not applicable, the conduct that necessitated the motions is the essence of the matter. Also, I am not unmindful of the observations the Court made in its letter to counsel regarding the conduct of both counsel.

Under the circumstances I think this is a situation where the reasonable expenses incurred ought to be apportioned among the parties. Also, there does not seem to

be any question raised regarding the reasonableness of the fees and expenses incurred in bringing on the motion as opposed to those incurred in the conduct of the Stammler deposition itself, the latter of which, as I mentioned, is not due for consideration.

Accordingly, fees and expenses will be allowed as follows:

Due from Corroon & Black to:

| | |
|---|---|
| Aetna | $1,700.00 |
| Dixie | 300.00 |
| G & G | 300.00 |
| Germain | 300.00 |
| First Union | 250.00 |

Due from Aetna to:

| | |
|---|---|
| Dixie | $100.00 |
| G & G | 100.00 |
| Germain | 100.00 |
| First Union | 100.00 |