**FOXLEY CATTLE COMPANY, a Delaware corporation d/b/a Council Bluffs Grain Co., Plaintiff,**

v.

**GRAIN DEALERS MUTUAL INSURANCE COMPANY, an Indiana Corporation, Michigan Millers Mutual Insurance Company, a Michigan Corporation, Millers Mutual Insurance Association of Illinois, an Illinois Corporation, all doing business as Association of Mill and Elevator Mutual Insurance Companies, a/k/a the Mill Mutuals, an Unincorporated Association, Partnership or Joint Venture, and Richard D. Wiechman, II, Defendants.**

No. 1–90–CV–70031.

United States District Court, S.D. Iowa, W.D.

Aug. 5, 1992.

ORDER REGARDING AWARD OF EX-
PENSES AND ATTORNEY FEES
PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 37(a)(4)

BENNETT United States Magistrate Judge.

This case raises the question of whether, following a successful motion to compel pursuant to Federal Rule of Civil Procedure 37(a), an unreasonable request for an award of expenses and attorney fees pursuant to Federal Rule of Civil Procedure 37(a)(4) justifies a total denial of the requested expenses and fees.

## I. INTRODUCTION AND FACTUAL BACKGROUND.

On July 2, 1992, this court entered an order granting Defendants' motion to compel discovery [1] pursuant to Federal Rule of Civil Procedure 37(a). Defendants' motion to compel was a simple matter. On September 5, 1991, the Defendants served Plaintiff with their third set of interrogatories and third request to produce. Despite repeated informal requests to answer the discovery, the Plaintiff did not do so. In their resistance to Defendants' motion to compel, Plaintiff indicated that it did not condone its own failure to comply with the discovery requests but asserted that its delay was due to ongoing settlement negotiations.

Pursuant to this court's July 2, 1992, order granting Defendants' motion to compel discovery, the Defendants filed their Affidavit in Support of Fees and Costs and Statement in Support of its Affidavit for Fees and Costs on July 15, 1992. No written resistance was filed by the Plaintiff. A telephonic hearing was held on July 28, 1992. E. Terry Sibbernsen of Omaha, Ne-

---

1. The Defendants' pleading was actually entitled "Defendants' Motion to Dismiss for Failure to Cooperate in Discovery or, in the Alternative, to Compel Compliance With the Same".

braska, appeared on behalf of the Plaintiff. Frances T. Norek of Clausen, Miller, Gorman, Caffrey & Witrous, Chicago, Illinois, appeared on behalf of the Defendants.

## II. ANALYSIS.

### A. Federal Rule of Civil Procedure 37(a)(4) and Substantial Justification.

The starting point for determining whether the Defendants are entitled to reasonable expenses, including reasonable attorney fees, in obtaining the order, is Federal Rule of Civil Procedure 37(a)(4). Federal Rule of Civil Procedure 37(a)(4) provides in relevant part that:

> If the motion [to compel] is granted, the court shall ... require the party ... whose conduct necessitated the motion ... to pay ... the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was *substantially justified* or that other circumstances make an award of expenses unjust. (emphasis added).

"A reading of the Rule leads to the inescapable conclusion that the award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery, ... 'unless the court finds the opposition to the motion was substantially justified....' " *Cal Dive Int'l, Inc. v. M/V Tzimin*, 127 F.R.D. 213, 217 (S.D.Ala.1989) (quoting *Merritt v. International Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir.1981)); *American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173, 176 (D.Mass. 1985). "The greatest operative principle of Rule 37(a)(4) is that the loser pays." 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure:* § 2288 (1970).

■ There is no bright line standard for "substantial justification," and courts must use discretion when deciding whether opposition to a motion to compel is substantially justified. *Cuno, Inc. v. Pall Corp.*, 117 F.R.D. 506, 509 (E.D.N.Y.1987); *see Alvarez v. Wallace*, 107 F.R.D. 658, 662 (W.D.Tex.1985). "Whether opposition to a motion to compel is substantially justified depends on the circumstances of the particular case." *Transcontinental Fertilizer Co. v. Samsung Co., Ltd.*, 108 F.R.D. 650, 653 (E.D.Pa.1985); *American Hangar*, 105 F.R.D. at 176 (citing 4A James W. Moore et al., *Moore's Federal Practice*, ¶ 37.02 (2d ed. 1992)). However, courts have generally focused on "the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery," when determining whether opposition is substantially justified. *Alvarez*, 107 F.R.D. at 662; *Cal Dive*, 127 F.R.D. at 217; *see American Hangar*, 105 F.R.D. at 176–77; *Transcontinental Fertilizer*, 108 F.R.D. at 653.[2]

The Supreme Court in *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), established the meaning of "substantially justified" within the context of the Equal Access to Justice Act. In its analysis, the Court recognized the meaning that lower courts have attached to "substantially justified" in the context of Rule 37(a)(4) and (b)(2)(E). The Court stated that under Rule 37, "[substantially justified] has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' ... or 'if reasonable people could differ as to [the appropriateness of the contested action]....' " *Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550 (quoting *Reygo Corp. v. Johnston Pump Co.*, 680

---

**2.** The "genuine dispute" language many courts have focused on is outlined in the Advisory Committee's Notes on 1970 Amendments to Federal Rule of Civil Procedure 37(a)(4) which provides in relevant part:

> On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the

matter to court. But the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine issue exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests or objections to discovery.

*See* 4A James W. Moore et al., *Moore's Federal Practice*, ¶ 37.02 (2d ed. 1992).

F.2d 647, 649 (9th Cir.1982)) (citations omitted).

■ The court finds that the Plaintiff's position was not "substantially justified" within the meaning of Federal Rule of Civil Procedure 37(a)(4). The court commends the parties for engaging in voluntary settlement negotiations. However, this does not justify the failure of the Plaintiff to comply with the reasonable discovery requests of the Defendants. Moreover, Plaintiff does not assert any agreement between the parties to voluntarily stay discovery pending settlement negotiations. Indeed, the exhibits attached to Defendants' motion to compel indicate that no such agreement existed and that the Defendants repeatedly requested the Plaintiff to comply with Defendants' outstanding discovery. However, for the reasons set forth below, this does not mean that the Defendants are entitled to the attorney fees and costs they are now claiming.

### B. Rule 37(a)(4)—Reasonable Expenses and Attorney Fees.

■ Defendants' motion to compel was by any standard a garden variety motion. The Defendants served the Plaintiff with a third request for interrogatories and request for production of documents and Plaintiff did not timely respond. Notwithstanding the simple nature of Defendants' motion to compel, they now claim $2,067.80 in attorney fees and $138.06 in costs. Counsel for the Defendants claims 21.1 hours at $98.00 per hour.[3] The court finds this claim to be excessive.

■ In a related context, the award of attorney fees under various civil rights fee-shifting statutes, the federal courts have consistently held that an intolerably inflated fee request justifies a complete denial of fees. *Lewis v. Kendrick*, 944 F.2d 949, 958 (1st Cir.1991). In *Kendrick*, on rehearing, the court stated:

[A]ppellant's counsel submitted a claim which was so intolerably inflated that the District Court was warranted in departing from the usual practice and reacting vigorously to prevent such abuse of the court's authority to award reasonable compensation to counsel.

. . . .

If, as appellant argues, the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place.

*Kendrick*, 944 F.2d at 958 (quoting *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980)). *See also Vocca v. Playboy Hotel of Chicago, Inc.*, 686 F.2d 605, 607 (7th Cir. 1982); *Hall v. Borough of Roselle*, 747 F.2d 838, 841–42 (3rd Cir.1984); *Jordan v. United States*, 691 F.2d 514, 518–21 (D.D.C.1982); *Thelen Oil Co., Inc. v. Fina Oil & Chemical Co.*, 962 F.2d 821, 824 (8th Cir.1992); *Cf. Zabkowicz v. West Bend Co.*, 789 F.2d 540, 548–50 (7th Cir.1986) (following holding of *Vocca v. Playboy Hotel of Chicago, Inc.* and *Brown v. Stackler*, but reversing district court's total denial of fees as an abuse of discretion).

■ Defendants' fee request for their garden variety motion to compel is excessive. It is not, however, so intolerably inflated that a complete denial of fees is warranted. The court agrees with the statement in *Jordan* that:

[t]otal denial of requested fees as a purely prophylactic measure, however, is a stringent sanction, to be reserved for only the most severe of situations, and appropriately invoked only in very limited circumstances.

*Jordan*, 691 F.2d at 518. This is not such a severe situation.

The Defendants should note that a request for attorney fees under Federal Rule of Civil Procedure 37(a)(4) should be made in good faith and not as an opening gambit

---

**3.** The court finds that Defendants' counsel's requested hourly rate of $98.00 is well within the range of prevailing market rates in the State of Iowa. *See Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984).

in negotiations. Moreover, "[t]he lawyer must not abandon self-restraint or careful billing judgment because of the expectation that the obligation to pay the fee will be statutorily shifted to the losing party." *Borough of Roselle*, 747 F.2d at 841.

■ A review of Defendants' requested fees and costs indicate its clear excesses. Defendants claim 8.8 hours for work performed on June 9, 10 and 11, 1992, for the preparation of Defendants' Motion to Dismiss for Failure to Cooperate in Discovery or, in the Alternative, to Compel Compliance With Same. The motion does nothing other than set forth the chronology of events giving rise to Plaintiff's failure to timely respond to Defendants' third discovery requests. This document easily could have been prepared by a legal assistant in two to three hours. The claim of 8.8 hours of lawyer time for the preparation of this motion is clearly excessive. The motion was not accompanied by any brief and failed to cite any authority for the Defendants' proposition that they were entitled to dismissal of this action for Plaintiff's failure to cooperate in discovery. Indeed, well-established Eighth Circuit precedent reflected by *Omaha Indian Tribe v. Tract I—Blackbird Bend Area*, 933 F.2d 1462, 1468–69 (8th Cir.1991), discussed in the court's July 2, 1992, order granting the motion to compel establishes that dismissal would have been inappropriate. Moreover, as the court noted in its July 2, 1992 order, dismissal was particularly inappropriate under Federal Rule of Civil Procedure 37(b)(2) because the Plaintiff was not in violation of any court order. The plain language of Rule 37(b)(2) requires a court order.

Additionally, the Defendants claim considerable time for various communications with their client and opposing counsel regarding the underlying discovery request, all of which predate the motion to compel. Awards of expenses pursuant to Rule 37(a)(2) are limited to expenses incurred in obtaining the order to compel, as distinguished from the broader award of expenses contained in Rule 37(b)(2). See *American Hangar, Inc.*, 105 F.R.D. 173, 175–76 (D.Mass.1985).[4] Because the Defendants did not prevail on their unsupported attempt to obtain dismissal, it would be inappropriate to statutorily shift the obligation to the Plaintiff under Federal Rule of Civil Procedure 37(a)(4).

"The line between a reasonable and unreasonable expenditure of time in pursuit of a client's cause is not always clearly evident to counsel, especially in the heat of battle." *Borough of Roselle*, 747 F.2d at 841. The court finds that counsel for the Defendants undoubtedly expended the hours claimed. The court holds, however, that counsel spent more time on various tasks than was reasonably necessary, the time claimed for tasks unrelated to the actual preparation of the motion to compel is not compensable, and that time expended on behalf of the Defendants' attempt to obtain dismissal is likewise not compensable.

The escalating cost of civil litigation runs the grave risk of placing redress in the federal courts beyond the reach of all but the most affluent. Judge Selya[5] eloquently stated this position nearly seven years ago in *Anthony v. Abbott Lab*, 106 F.R.D. 461, 465 (D.R.I.1985):

> Our citizens' access to justice, which is at the core of our constitutional system of government, is under serious siege. Obtaining justice in this modern era costs too much. The courts are among our most treasured institutions.... [T]he skyrocketing costs of litigation have not sprung full-blown from nowhere. Those costs are made up of bits and pieces, and relaxation of standards of fairness in one

---

**4.** The court in *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir.1981), correctly noted this distinction:

> Rule 37(b)(2) provides for an award of reasonable expenses and attorney's fees 'caused by the failure to obey a court order to provide or permit discovery'. This provision must be distinguished from Rule 37(a), which provides

for the award of expenses resulting from efforts to secure an order compelling discovery. See also *American Hangar, Inc.*, 105 F.R.D. at 175.

**5.** Judge Selya was elevated to the United States Court of Appeals for the First Circuit in October, 1986.

instance threatens further escalation across the board. The effective administration of justice depends, in significant part, on the maintenance and enforcement of a reasoned cost/benefit vigil by the judiciary.

The concerns articulated by Judge Selya in 1985 are are even more acute now.[6] Indeed, Congress recently passed the Civil Justice Reform Act of 1990, 28 U.S.C. §§ 471–482. This legislation mandates that each federal district court, after study by an advisory group, implement a plan to reduce the expense and delay in civil litigation in federal courts by providing for just, speedy and inexpensive resolution of civil disputes. 28 U.S.C. § 471. Additionally, the Federal Rules of Civil Procedure, including Rule 37(a)(4), "shall be construed to secure the just, speedy, and *inexpensive* determination of every action." Fed. R.Civ.P. 1. (emphasis supplied).

These judicial and legislative concerns regarding the escalating costs of civil litigation in federal courts should not be ignored here. Excessive fee requests may be the tip of an immense iceberg. However, the escalating cost of civil litigation is, as Judge Selya correctly observed, "made up of bits and pieces...." *Anthony*, 106 F.R.D. at 465.

After reviewing Defendants' Affidavit in Support of Costs and Fees, the court determines that three hours of attorney time at $98.00 per hour is sufficient to fairly compensate the Defendants for filing their motion to compel. Apparently, the only cost incurred in the actual filing of the motion to compel is the $16.00 delivery charge. Ordinary mail would have sufficed and, therefore, the court determines that none of the expenses were reasonably incurred in filing the motion to compel. The court awards Defendants $294.00 in attorney fees for their preparation of the motion to compel.

IT IS SO ORDERED.

6. *See generally* The Congressional Statement of Findings of the Civil Justice Reform Act of 1990,

Pub.L. No. 101–650, § 102, and the legislative history at 1990 U.S.C.C.A.N. 6802.