Houston, J.
Plaintiff Raytheon Company (Ray-theon) brings this action against the defendants, its former attorneys, to recover damages resulting from the defendants’ alleged legal malpractice. Raytheon deposed defendant Neal Tully (Tully); in the course of Tully’s deposition, Raytheon questioned Tully concerning whether he believed that his representation of Raytheon complied with the professional standards of an average, qualified attorney. Tully’s attorney objected to the question and instructed Tully not to answer it. Raytheon now moves pursuant to Mass.R.Civ.P. 37A to compel Tully to answer its questions and to assess costs against the defendants. For the reasons stated below, Raytheon’s motion to compel is ALLOWED, and its motion to assess costs is DENIED.
BACKGROUND
The defendants represented Raytheon in a fraud and breach of contract suit against McGraw-Edison Corporation. After the suit was dismissed, Raytheon brought this action against the defendants, alleging that Tully committed legal malpractice by failing to answer interrogatories and failing to do any work on the case for four years.
During the course of pretrial discovery, Raytheon served the defendants requests for admissions. Request number ten stated, “(t]he failure of [Tully] to file interrogatory answers on behalf of [Raytheon] was below the standard of care generally expected of attorneys practicing in Massachusetts.” (See Exhibit A.) The defendants objected to this request for admission, and Raytheon filed a motion to determine the sufficiency of the defendants’ responses to its request for admissions. (See Exhibit B.) In response to Raytheon’s motion, this court (Bohn, J.) ruled on June 22, 1993 that the defendants’ responses were sufficient.[2] (See Exhibit C.)
Raytheon subsequently deposed Tully. During Tully’s deposition, Raytheon’s counsel asked Tully a series of questions concerning whether he believed that he had complied with professional standards in his representation of Raytheon. Several of these questions were almost identical to request for admission number ten in Raytheon’s prior request for admissions. The defendants objected to these questions and instructed Tully not to answer them.[3]
DISCUSSION
Massachusetts Rule of Civil Procedure 26(b) provides that parties to litigation are entitled to discovery “regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... It is not grounds for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.” Mass.R.Civ.P. 26(b). The broad language of rule 26(b) allows parties to make searching examinations into matters that may assist them in discovering relevant evidence. When a party seeks to discover evidence by deposing a witness, “[e]vidence objected to shall be taken subject to the objections.” Mass.R.Civ.P. 30(c). As a general rule, *621 therefore, the deponent’s attorney may not instruct the deponent not to answer a question. See American Hanger, Inc. v. Basic Line, Inc., 105 F.R.D. 173, 175 (D.Mass. 1985) (interpreting of Fed.R.Civ.P. 30(c)).[4]
The defendants contend that Tully cannot, as a matter of law, be compelled to give his expert opinion on whether his conduct fell below the professional standards of attorneys practicing in Massachusetts. In support of their contention, the defendants rely upon Commonwealth v. Vitello, 367 Mass. 224 (1975), in which the Supreme Judicial Court held that “a party may not by summons compel the involuntary testimony of an expert witness solely for the expertise he may bring to trial, and in the absence of any personal knowledge on his part related to the issues before the judge and jury.” 367 Mass, at 235. Vitello, however, is inapposite.
In Vitello, the Supreme Judicial Court considered whether a criminal defendant’s constitutional rights were violated by a trial judge’s failure to compel trial testimony of an expert who could not testify from personal knowledge about substantive issues in the defendant’s trial. See Commonwealth v. Vitello, supra. Vitello is manifestly inapplicable to this case in which the parties dispute the proper scope of pretrial discovery under the rules of civil procedure.[5] Rule 30(c) states clearly that a deponent must answer questions even if he objects to them. Mass.R.Civ.P. 30(c). See also Hearst Corp. v. A. Walk, Inc., 12 Mass.App.Ct. 951, 952 (1981) (that deponent may suffer detriment through discovery, does not foreclose the discovery).
While it is true that a deponent may refuse to answer a question at a deposition in some circumstances, those circumstances are not present here. For example, a deponent need not answer questions that would entail disclosure of privileged information or trade secrets. Paparelli v. Prudential Ins. Co. of America, 108 F.R.D. 727, 730-31 (D.Mass. 1985). However, the defendants make no claims that the questions at issue would require Tully to divulge such information.
Additionally, Mass.R.Civ.P. 30(d) provides a remedy by which a deponent’s counsel can protect the deponent against questions designed to harass, annoy, or embarrass the deponent. According to Rule 30(d), a party may file a motion to terminate or restrict the scope of a deposition. Since the defendants neither filed a motion under 30(d) nor alleged any valid ground justifying Tulfy’s refusal to answer the questions at issue, his refusal to answer and the defendants’ instruction not to answer were improper. Mass.R.Civ.P. 26(b), 30(c). See also Paparelli v. Prudential Ins. Co. of America, supra.
The defendants also contend that this court’s prior ruling that the defendants’ responses to Raytheon's request for admissions were sufficient precludes Raytheon’s counsel from asking the questions at issue at Tully’s subsequent deposition. The court disagrees. An admission “conclusively establishes” the admitted material. Mass.R.Civ.P. 36(b). Recognizing that an admission to Raytheon’s request for admission number ten might preclude trial on an issue central to the parties’ dispute, whether the defendants breached their duty of care to Raytheon, this court (Bohn, J.) ruled that the defendants were entitled to contest their alleged liability to Raytheon. However, the ruling did not purport to restrict, nor did it restrict as a matter of law, the scope of subsequent depositions.
Since this court’s June 22, 1993 ruling pertained exclusively to the sufficiency of the defendants’ responses to Raytheon’s request for admissions and the defendants have alleged no valid ground for instructing Tully not to answer the questions at issue, Raytheon’s motion to compel must be allowed.
ORDER
For the foregoing reasons, it is ORDERED that the plaintiffs motion to compel discovery be ALLOWED and its motion to assess costs be DENIED.

 Judge Bohn’s response to Raytheon’s motion stated:
Defendants’ responses are sufficient. The parties in this case may not be compelled to admit their respective liability but, rather, are entitled to contest liability at trial.

 Tully, however, testified at his deposition that he had formed an opinion as to whether his conduct complied with the professional standards of an average, qualified attorney.

 Mass.R.Civ.P. 30(c) and Fed.RCiv.P. contain identical language.

 Additionally, unlike the expert in Vitello, Tully has personal knowledge about substantive issues in the case. Raytheon’s counsel did not ask Tully to review extraneous materials in order to form an opinion. He merely asked Tully to disclose an opinion which he has already formed.