Daniel ALEXANDER, Plaintiff,

v.

Ronald PARSONS, Robert Hill, Donald Harrington, Henry De Blay, Brian Robinson, and other Individuals whose names and identities are at present unknown, jointly and severally, Defendants.

No. G75–35 C.A.

United States District Court,
W. D. Michigan, S. D.

Aug. 8, 1977.

Murphy, Neff, Burns & McInerney, Grand Rapids, Mich., for plaintiff; Gary J. McInerney, Grand Rapids, Mich., of counsel.

Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., for all defendants except Parsons; Jon F. DeWitt, Grand Rapids, Mich., of counsel.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., for Parsons; Sherman Cone, Grand Rapids, Mich., of counsel.

## OPINION

FOX, Chief Judge.

This § 1983 action seeks damages from defendants for injuries alleged to have been suffered by plaintiff in an assault which occurred in Kent County Jail. The complaint was filed on January 29, 1975. Interrogatories to the various defendants were filed July 13, 1976. No answer having been filed, or motion for protective order sought, plaintiff filed a motion for an order compelling answers to interrogatories on June 15, 1977. The motion was accompanied by an affidavit signed by plaintiff's attorney. On July 12, 1977, I issued an order directing defendants to answer plaintiff's interrogatories. Attorneys for defendants Hill, Harrington, DeBlay, and Robinson have now filed a motion for reconsideration of the order compelling discovery. Defendants contend that the court's order is "premature" in light of Local Court Rule 6(a).

■ Rule 6(a) of the Rules of the United States District Court for the Western District of Michigan is as follows:

"Any party who files with the court either written objections to any interrogatories or any motion involving discovery, shall at the same time also file with the court, and serve a copy on opposing counsel, a written brief setting forth such party's grounds upon which such objections or motion are based, together with a citation of the authorities upon which he relies. In the event that such brief is not filed together with such objections or motion, the clerk shall forthwith mail to the objecting or moving party a ten day notice by regular mail of the requirements of this Rule and shall mail a copy thereof to opposing counsel. If such brief is not filed within the ten day period specified in the clerk's notice, such objections to interrogatories or motion relating to discovery need not be considered by the court. Opposing counsel shall have ten days after service upon him of a copy of such written objections or motion, or the written brief required to be filed therewith, whichever occurs last, within which to file a brief or other document in opposition thereto, and shall serve a copy thereof upon the counsel filing such objection or motion. Upon the expiration of the time limit set forth, the court may in its discretion proceed to determine such objections or motion upon their merits, as if all of said briefs had been filed at the proper time."

Although Local Rule 6, as it presently stands, is not a model of precision, it certainly does not prohibit the order at issue here.

In the first instance, I treated plaintiff's motion and affidavit in support thereof as the "brief" Rule 6 requires the moving party to submit. The particular motion needed no citation of case authority. Plaintiff had submitted a number of interrogatories to

defendants. Eleven months had passed with no answers, objections, or motion for protective order. Secondly, were this court not to treat the papers submitted by plaintiff's counsel as the required brief, it would still be within the discretion of this court to rule on the motion. Rule 6 states only that, in the absence of a brief being filed, the "motion relating to discovery need not be considered by the court."

■ In any case, the local rule is not to be interpreted in a manner inconsistent with the Federal Rules of Civil Procedure. Fed.R.Civ.P. 83; 28 U.S.C. § 2071. Rule 33(a) provides in part that:

"Each interrogatory shall be answered separately and fully in writing under oath, unless objected to, in which event the reasons for objection should be stated in lieu of an answer. . . . The party upon whom the interrogatories have been served shall serve a copy of the answers and objections, if any, within 30 days after the service of the interrogatories."

The Notes of the Advisory Committee on 1970 Amendments to Rules comments that:

"*If objections are made*, the burden is on the interrogating party to move under Rule 37(a) for a court order compelling answers, in the course of which the court will pass on the objections. The change in the burden of going forward does not alter the existing obligation of an objecting party to justify his objections." (Emphasis added.)

Here, although defendants failed to answer and failed to object to any interrogatories within the required 30 days, they now attempt to shift the burden and expense of going forward to obtain these answers to plaintiff. Until such answers, or objections, or a motion for a protective order is signed, the party upon whom interrogatories are submitted has the burden of going forward and submitting its answers or objections to the court. Local Rule 6 does not require differently. Defendants in this instance failed to respond to the motion for an order compelling discovery at their own peril. The motion for reconsideration will be denied.

■ Defendants move alternatively for a protective order under Rule 37(a)(2), noting that depositions of defendants, taken on September 22, 1976, were not transcribed at the order of plaintiff's attorney (the implication being that plaintiff intends to save the expense of transcription by obtaining answers to the interrogatories). It should be noted that the depositions of the defendants were filed on March 24, 1977, and have been available to defendants' attorneys since that date. Defendants contend that all interrogatories, with the exception of 62 and 64 were "answered in the depositions." Questions 62 and 64 remain unanswered, however. An examination of the interrogatories and the depositions indicates that many of the interrogatories seek information different than or more particularized that that appearing in the depositions. The motion for a protective order will be denied. Defendants are to submit their answers to the interrogatories as directed by this court's order of July 12, 1977. At that time defendants may note, with particularity, objections to individual interrogatories. A general objection to interrogatories, without specificity, is not sufficient.

■ Finally, defendants move for a protective order with regard to plaintiff's Request for Production of Documents. Request No. 15, which is objected to, reads as follows:

"All documents reflecting any and all records of assaults, or complaints of assaults, by prisoners within Kent County Jail, against fellow prisoners, during the past five (5) years. Additionally, for each such incident, all records pertaining in any manner to the persons perpetrating the assault(s), and the victims of said assault(s)."

Defendants contend producing such documents would require 2,000 man-hours of labor to search some 57,000 records.

■ Rule 34 requires that all documents requested be produced within 30 days, or an explanation of why the request for production is objected to be submitted. Again, despite this requirement, no answer, objec-

tion, or motion for protective order was filed before this court's Order was entered. Although defendants' objections go only to Request 15, and possibly Request 16, none of the Requests were complied with. Defendants' Motion for a Protective Order is denied. Requests for Production of Documents Nos. 1–14 and Nos. 17–20 are to be answered immediately. Plaintiff's attorney and attorneys for defendants are to attempt to work out a mutually agreeable method for obtaining the information sought by Requests 15 and 16. If no agreement is forthcoming, defendants should again come before this court and particularize their objections to the discovery sought. Defendants should note, however, that the mere fact discovery is burdensome to them is not a sufficient objection to such discovery, providing the information sought is relevant or may lead to the discovery of admissible evidence. *Luey v. Sterling Drug Co.*, 240 F.Supp. 632 (W.D.Mich.1965); *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 207 F.Supp. 407 (M.D.Pa.1962).