**TRANSCONTINENTAL FERTILIZER CO.**

v.

**SAMSUNG COMPANY, LTD.**

Civ. A. No. 85–1106.

United States District Court, E.D. Pennsylvania.

Sept. 11, 1985.

Alfred J. Kuffler, Philadelphia, Pa., for Transcontinental Fertilizer Co.

Daniel F. Ryan III, Philadelphia, Pa., for Samsung Co., Ltd.

## MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, United States Magistrate.

This case involves a controversy between plaintiff Transcontinental Fertilizer Company ("TFC"), a California corporation with its principal place of business in Philadelphia, Pennsylvania and defendant Samsung Company ("Samsung") a Korean corporation, with respect to the shipment of goods from Korea to Egypt. TFC has brought suit to recover damages allegedly suffered as a result of receiving defective bags pursuant to a contract with Samsung.

Presently before this Court is a motion filed by TFC to compel Samsung to answer certain interrogatories and a request for costs and expenses. On July 24, 1985 Samsung served on counsel for TFC its reply to TFC's motion to compel answers to plaintiff's interrogatories along with supplemental answers to the interrogatories in question. Subsequently, on July 26, 1985 counsel for TFC filed a response to Samsung's reply. Although Samsung's supplemental answers of July 24, 1985 helped to cure many of the objections which TFC had with Samsung's original answers to the interrogatories, TFC still seeks more complete answers to Interrogatories Numbers 2(a), 2(d), 5, 15(h) and 17.[1]

TFC's Interrogatories 2, 5 and 17 request various information regarding Samsung's independent subsidiaries located in the United States. Samsung, without waiving any objections to the three interrogatories has answered parts of the interrogatories by identifying its American subsidiaries, stating that they are wholly independent and do not carry out any activities in the United States on behalf of Samsung, together with the total sales of each subsidiary in the United States. Samsung contends that further information on its subsidiaries in the United States is irrelevant, arguing that it is "well established that an independent subsidiary does not confer personal jurisdiction over a foreign parent corporation under Pennsylvania's long-arm statute." As to Interrogatory 15(h), Samsung responded that its investigation is continuing and that a supplemental answer will be supplied when available.

TFC contends that it has been seriously prejudiced in the preparation of its case, especially in defense of Samsung's July 3, 1985 motion for dismissal of the complaint based on lack of *in personam* jurisdiction and *forum non conveniens.* TFC contends that the interrogatories in question seek information which is directly related to the issues of the court's *in personam* jurisdiction over the defendant as well as the issue of *forum non conveniens* since the interrogatories seek information concerning the control of Samsung over its American subsidiaries and the contacts those subsidiaries have with the Commonwealth of Pennsylvania.

 While the general rule is that a foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownership of shares of stock of a subsidiary doing business in the state, factors may exist which will nonetheless

---

1. TFC, in its Memorandum of Law in response to Samsung's Reply to TFC's motion to compel, contends that Samsung's objections to Interrogatory 17 are not substantiated. Despite TFC's failure to include Interrogatory 17 in their re-vised request to compel discovery and since Samsung did not provide a supplemental answer to it, this Court will include Interrogatory 17 as part of TFC's revised motion to compel more complete answers.

allow the court to exercise *in personam* jurisdiction over the foreign parent corporation. *Lucas v. Gulf & Western Industries, Inc.*, 666 F.2d 800, 805–806 (3rd Cir. 1981); *Omni Exploration, Inc. v. Graham Engineering Corp.*, 562 F.Supp. 449, 454 (E.D.Pa.1983); *Superior Coal Co. v. Ruhrkohle, A.G.*, 83 F.R.D. 414 (E.D.Pa. 1979); *See generally* 2 Moore's Federal Practice § 4.25(6). Factors in addition to ownership in all or some of the shares of stock by the parent corporation of a subsidiary which may have bearing on the jurisdiction issue include "whether the subsidiary corporation played any part in the transaction at issue, whether the subsidiary was merely the alter ego or agent of the parent, and whether the independence of the separate corporate entities was disregarded." *Lucas, supra* at 806. Additional factors which are relevant concerning the inquiry into the relationship between the corporate entities are: whether the corporations have common officers and directors, a common marketing image, common use of a trademark or logo, common use of employees, interchange of managerial and supervisory personnel, or an integrated sales system; whether the related corporation performs business duties and functions which the parent corporation would normally transact through its own agents or departments; whether the related corporation acts as a marketing arm of the principal corporation or as an exclusive distributor; and whether the officers of the subsidiaries receive instructions from the parent corporation. *Superior Coal Co. v. Ruhrkohle, A.G., supra* at 421 (and cases cited therein). Where the subsidiary acts merely as a shell or front for the parent corporation and where the actions meet the test of due process, *in personam* jurisdiction may be asserted over the parent corporation. *Omni Exploration, Inc., supra* at 454; *Indian Coffee Corp. v. Procter & Gamble Co.*, 482 F.Supp. 1098, 1104 (W.D. Pa.1980) *modified on other grounds*, 752 F.2d 891 (3rd Cir.1985). *See also Zenith Radio Corp. v. Matsushita Elec. Ind. Co., LTD*, 402 F.Supp. 262, 322–323 (E.D.Pa. 1975).

Interrogatories Numbers 2, 5, 15 and 17 all seek information as to Samsung's ownership or control over its American subsidiaries and the contacts those subsidiaries have with the Commonwealth. Should the Court later determine that Samsung subsidiaries are the mere "alter ego" of Samsung or otherwise satisfy one or more of the conditions mentioned above, then the business activities of those subsidiaries in Pennsylvania are extremely important to the jurisdictional issue in this case under the Pennsylvania long-arm statute. *Superior Coal Co., supra* at 420; *Damon Coats, Inc. v. Munsingwear, Inc.*, 431 F.Supp. 1303, 1308 (E.D.Pa.1977).

■ It must be remembered that discovery is designed to allow the parties to explore a wide range of issues raised by the general pleadings allowed under the rules of procedure. Therefore, relevance is not to be measured by the precise issues framed by the pleadings but by the general relevance to the subject matter and the legal issues present in the case. *Northfleet Corp. v. Consolidated Rail Corp.*, C.A. No. 83–2992 (E.D.Pa. April 27, 1984) (Pollak, J.); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980).

■ Since it is necessary that the relationship between Samsung and its American subsidiaries be clarified before the court rules on Samsung's motion to dismiss, and to enable TFC to ascertain the exact total relationship among Samsung and its subsidiaries, Samsung must provide the requested information concerning its subsidiaries. Samsung has not contested that the answers to the interrogatories in questions would be overly broad or burdensome. However, as to Interrogatories 5 and 17, Samsung responded by way of a further answer and objection that it "has no knowledge of the information requested in the interrogatory." Answers to interrogatories must be complete, explicit, and responsive. If a party cannot furnish discovery requests, it should state so under oath and state the reasons for its inability to do so together with the efforts used in

attempting to obtain the information. A party cannot plead ignorance to information that is from sources within its control. Therefore, a sworn answer indicating a lack of knowledge and no means of obtaining the requested information is necessary. A corporation must supply information in the hands of its agents and others within its control. *Milner v. National School of Health Technology*, 73 F.R.D. 628, 632–633 (E.D.Pa.1977).

Samsung has been able to obtain some information concerning the business activities of its American subsidiaries such as their total sales for the years 1981 through 1984. To the extent that these interrogatories seek information which may be available from Samsung's subsidiaries which they have previously identified, Samsung should obtain the information from them or state specifically why they are unable to obtain the specific information requested. Additionally, Samsung is under a continuing obligation to provide supplemental answers to those interrogatories such as 15(h) which Samsung has indicated that it is still seeking to obtain the desired information for.

■ Rules 37(a)(4) of the Federal Rules of Civil Procedure provides for the imposition of the costs incurred in obtaining an order compelling discovery, including attorney's fees, unless the court finds that opposition to the motion is substantially justified or that other circumstances make an award of expenses unjust. The Notes of the Advisory Committee on Rules to the 1970 Amendment point out that the rule provides that "expenses should ordinarily be awarded unless the losing party acted justifiably in carrying his point to court … or that other circumstances make an award of expenses unjust." Whether opposition to a motion to compel is substantially justified depends upon the circumstances of the particular case. Many courts have focused on the "genuine dispute" language of the Advisory Committee Note and have denied expenses where there was a dispute over difficult legal issues involving relevance.

See 4A Moore's Federal Practice § 37.-02(10) (and cases cited therein).

■ While this Court would not characterize the relevance issue in this case as overly difficult, it does involve an exception to the general rule that a court does not possess *in personam* jurisdiction over a foreign corporation merely through the acts and contacts of its subsidiaries. Additionally, TFC sought to compel answers to interrogatories to which Samsung had answered were still being investigated and would be further supplemented when the information was obtained, a practice which TFC had also availed itself of when responding to Samsung's interrogatories. Samsung furnished supplemental answers to the majority of those responses which they had indicated would be supplemented which resulted in the Court not having to address those particular interrogatories. The Court therefore finds that Samsung was substantially justified in opposing the motion to compel and that the parties shall bear their own costs in this matter.

## APPENDIX

### INTERROGATORY NO. 2

Identify the location of each and every business entity in the United States in which defendant maintains a full or partial proprietary interest and as to each such business entity state:

(a) the state of its incorporation;

(d) whether such entity is publicly traded in the United States.

### INTERROGATORY NO. 5

For each and every year from 1975 through 1985, inclusive, state the following:

(a) the identity and address of each and every individual, sole proprietorship, partnership or corporation in the Commonwealth of Pennsylvania with which any of the entities named in your response to Interrogatory No. 2 had written or oral communications;

(b) the identity and address of each and every individual, sole proprietorship, part-

**654**

nership or corporation in the Commonwealth of Pennsylvania with which defendant had contracts or agreements;

(c) the identity and address of each and every individual, sole proprietorship, partnership or corporation in the Commonwealth of Pennsylvania to which any of the entities named in your response to Interrogatory No. 2 shipped any of its products;

(d) the identity and address of each and every individual, sole proprietorship, partnership or corporation in the Commonwealth of Pennsylvania who provided any of the entities named in your response to Interrogatory No. 2 with goods or services;

(e) the identity and address of each and every individual, sole proprietorship, partnership or corporation in the Commonwealth of Pennsylvania who received products of any of the entities named in your response to Interrogatory No. 2;

(f) the identity and address of each and every individual, sole proprietorship, partnership or corporation in the Commonwealth of Pennsylvania for whom any of the entities named in your response to Interrogatory No. 2 provided any services.

INTERROGATORY NO. 15

Specify whether defendant, directly or indirectly, maintains a full or partial ownership interest in Samsung America, Inc., One Executive Drive, Fort Lee, NJ 07024, and if your response is in the affirmative state:

(h) the total value in U.S. Dollars arising from sales by Samsung America, Inc. to individuals, sole proprietorships, partnerships or corporations in the Commonwealth of Pennsylvania for each of the years 1980, 1981, 1982, 1983 and 1984.

INTERROGATORY NO. 17

For each and every year from 1975 through 1985, inclusive, state the following:

(a) the identity of each and every individual, sole proprietorship, partnership or corporation in the Commonwealth of Pennsyl-

vania which provided or provides transportation services to defendant or to entities identified in response to Interrogatory No. 2;

(b) the identity of each and every individual, sole proprietorship, partnership or corporation in the Commonwealth of Pennsylvania which provided or provides warehousing and/or storage services to defendant or to entities identified in response to Interrogatory No. 2;

(c) the identity of each and every individual, sole proprietorship, partnership or corporation in the Commonwealth of Pennsylvania which provided or provides collection services to defendant or to entities identified in response to Interrogatory No. 2;

(d) the identity of each and every individual, sole proprietorship, partnership or corporation in the Commonwealth of Pennsylvania which provided or provides banking or financial services to defendant or to entities identified in response to Interrogatory No. 2;

(e) the identity of each and every individual, sole proprietorship, partnership or corporation in the Commonwealth of Pennsylvania which provided or provides freight forwarding services to defendant or to entities identified in response to Interrogatory No. 2;

(f) the identity of each and every individual, sole proprietorship, partnership or corporation in the Commonwealth of Pennsylvania which provided or provides distribution services to defendant or to entities identified in response to Interrogatory No. 2.