**Ernest W. STILLER, Jr.; Carol Ann Smythe and Cheryl Ann Smythe, Plaintiffs,**

**v.**

**James ARNOLD; Del Ott; William Herrbach, Prosecutor of LaPorte County, IN; Kenneth Layton, Sheriff of LaPorte County, IN; LaPorte County, a municipal corporation; LaPorte County Commissioners; Aileen Griffin–Stiller–Turner; Christine Tomal–Stiller; Daniel Tomal; Annette Tomal; Steven Wajsgras; James Biggs; Tony Meyers; Eight Other Unnamed Police Officers/Deputy Sheriffs, and Other Unnamed Co–Con-**

spirators, jointly and severally in their individual and in their official capacities; Indiana Attorney General's Office; LaPorte County Prosecutor's Office, Office for injunctive relief only, Defendants.

No. 3:94 cv 99 JM.

United States District Court,
N.D. Indiana,
Hammond Division.

June 6, 1996.

Robert A. Yingst, Berrien Springs, MI, for Plaintiffs.

R. Kent Rowe, III, Timothy J. Maher, South Bend, IN, for Defendants.

## ORDER

RODOVICH, United States Magistrate Judge.

This matter is before the court on the Motion for Sanctions filed by the defendants, Christine Tomal–Stiller, Annette Tomal, and Daniel Tomal, on March 25, 1996. For the reasons set forth below, the motion is **GRANTED IN PART.**

### Background

Since 1859, federal courts have lacked jurisdiction over domestic relations matters filed in federal court based upon diversity of citizenship. *Barber v. Barber,* 21 How. 582, 16 L.Ed. 226 (1859). *See also Ankenbrandt v. Richards,* 504 U.S. 689, 693, 112 S.Ct. 2206,

2209, 119 L.Ed.2d 468 (1992); *Allen v. Allen,* 48 F.3d 259, 261 (7th Cir.1995). Regardless of the origin of the doctrine, it has excluded from the federal courts lawsuits which involve the petty and vindictive conduct frequently associated with divorce proceedings. Unfortunately, the Stiller marital dispute does not come within the domestic relations exception first articulated in *Barber.*

A detailed recitation of the underlying facts is not necessary to resolve the pending discovery dispute. The plaintiff, Ernest W. Stiller, Jr., is a physician and was practicing medicine in LaPorte, Indiana, for a substantial period of time prior to 1992. The defendant, Christine Tomal–Stiller, was the wife of Stiller and also worked in his office. The complaint alleges that Tomal–Stiller, in concert with other defendants, embezzled approximately four million dollars during her employment at her husband's office. The complaint further alleges that when divorce proceedings were initiated, Tomal–Stiller, and other defendants, conspired to accuse Stiller of Medicaid fraud. As a result of the conspiracy, Stiller was arrested and his office was searched by the law enforcement defendants.

The parties first appeared before this court on September 15, 1995. In an effort to expedite discovery, the parties were ordered to exchange certain documents by October 31, 1995. On December 12, 1995, Tomal–Stiller filed a motion to compel based upon a dispute over medical authorizations. In an Order dated January 23, 1996, Stiller was ordered to execute medical authorizations. The pending motion relates to the documents ordered produced at the September 15 status conference and the medical authorizations required by the January 23 Order.

### Discussion

### Production of Documents

The production of documents is governed by Federal Rule of Civil Procedure 34. In particular, a party's response must comply with Rule 34(b) which provides in part:

The party upon whom the request is served shall serve a written response within 30 days after the service of the request.... The response shall state, with respect to each item or category, that *inspection* and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.... The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit *inspection* as requested.

A party who produces documents for *inspection* shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request. (emphasis added)

Stiller has not objected to the production of the documents requested. In fact, approximately 7,000 pages of documents have been delivered to Data Graphics, a commercial printing service, for distribution. Stiller's attorney has instructed the defendants to make arrangements for purchasing copies of the documents. However, Data Graphics will not permit the defendants to examine the documents before they are photocopied.

The defendants have raised two objections to this procedure. First, the defendants contend that Stiller has not complied with his obligation to "organize and label" the documents as required by Rule 34(b). Second, the defendants contend that they are entitled to inspect the documents before paying for the cost of the reproduction. In fact, the defendants believe that they already have copies of many of these documents and that being required to order all 7,000 pages would be a needless expense.

█ Stiller has failed to cite any authority which supports the procedures he has established for producing the documents requested. Rule 34(b) clearly grants a party the right to inspect documents which have been requested. Although the parties do not dispute that the defendants should be required to absorb the duplication costs, nothing in Rule 34(b) suggests that the defendants should be required to pay for documents which they already have or do not believe are relevant to the litigation.

■ Many discovery requests, and responses thereto, can be used to harass opposing parties or to increase the cost of litigation. For this reason, Rule 34(b) places the obligation on the responding party to "organize and label" the documents which are produced for inspection. Producing 7,000 pages of documents in no apparent order does not comply with a party's obligation under Rule 34(b).

Similar conduct was found to be sanctionable in *Govas v. Chalmers,* 965 F.2d 298 (7th Cir.1992). In that case, the plaintiffs produced approximately 9,000 documents without attempting to categorize them or relate the documents to discovery requests. Because of prior dilatory conduct, the district court dismissed the plaintiffs' claim as a sanction under Federal Rule of Civil Procedure 37(d). The Court of Appeals held that dismissal was an appropriate sanction because the plaintiff had demonstrated "a pattern of dilatory and evasive discovery tactics...." 965 F.2d at 303. *See also ITT Life Insurance Company v. Thomas Nastoff, Inc.,* 108 F.R.D. 664, 666 (N.D.Ind.1985) (construing then Rule 33(c) which permitted a party to produce business records in response to an interrogatory but required the party "to specify the records from which the answer may be derived ... [with] sufficient detail to permit the interrogating party to locate and to identify ... the records from which the answer may be ascertained").

■ As previously stated, Stiller was ordered to produce these documents at the September 15 status conference. Under Federal Rule of Civil Procedure 37(b)(2),

> the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorneys fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Stiller has failed to cite any authority in support of the procedures which he outlined for producing the required documents. In fact, those procedures are contrary to the clear text of Rule 34(b). Therefore, his failure to comply was not "substantially justified", and sanctions are appropriate.

## Medical Authorizations

■ The defendants also contend that Stiller has failed to produce signed medical authorizations in compliance with the Order entered on January 23, 1996. In part, Stiller was ordered "to execute medical authorizations permitting the defendants to obtain medical records relating to any treatment which [he has] received for [his] claimed physical or psychological injuries." (Order, p. 1).

Stiller has provided medical authorization forms for four doctors: Spencer, Rose, Heinsen and Prasad. The defendants now allege that Stiller and the other plaintiffs are attempting "to limit discovery in this matter to only those physicians of their choosing." (Memorandum filed March 25, 1996, p. 3) Stiller has responded that he is in compliance with the January 23 Order.

This dispute cannot be resolved based upon the current record. The defendants are entitled to review any medical records relating to treatment which Stiller received for injuries which he now claims arose out of his February 5, 1992 arrest. This includes any treatment which Stiller has received for same or similar injuries prior to his arrest. However, the defendants have not demonstrated that Stiller was treated by any doctors other than the four which he identified. No further discovery order will be issued until the defendants demonstrate that Stiller has been treated for physical or psychological injuries by doctors in addition to the ones he has identified.

## Epilogue

Domestic disputes, perhaps more so than any other litigation, frequently degenerate into personality conflicts. Although parties are entitled to have the courts resolve their legal disputes, they are not entitled to use the courts to harass a former spouse. Regardless of the animosity between the plaintiffs and the defendants, the attorneys have an obligation to conduct discovery consistent with the Federal Rules of Civil Procedure. Whether the discovery is in the form of

document requests or depositions, it may not be used as a new battleground for real or imagined domestic problems. In short, the attorneys are expected to exercise control over their clients so that discovery can be completed as expeditiously as possible.

█ The attorneys also are expected to resist the temptation to create a satellite lawsuit over the defendants' request for attorney fees. In fact, an excessive request for sanctions is "indeed sanctionable in its own right." *Melrose v. Shearson/—American Express, Inc.*, 898 F.2d 1209, 1216 (7th Cir. 1990).

---

For the foregoing reasons, the Motion for Sanctions filed by the defendants, Christine Tomal–Stiller, Annette Tomal, and Daniel Tomal, on March 25, 1996, is **GRANTED IN PART.** The plaintiffs shall produce the required documents in compliance with Federal Rule of Civil Procedure 34(b) on or before June 28, 1996. The issue pertaining to the medical authorization forms is **TAKEN UNDER ADVISEMENT.** Finally, the defendants are granted until June 21, 1996, in which to file an affidavit in support of their request for attorney fees.

ENTERED this 6th day of June, 1996.